**THOMS, Plaintiff-Appellee, v BISSINGER CANDY COMPANY, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6616.  Decided February 18, 1946

Stewart S. Cooper, Cincinnati, for Plaintiff-Appellee.
Joseph Sagmeister, Cincinnati, for Defendant-Appellant.

## OPINION

By MATTHEWS, J.:

The question presented by this appeal is whether unassigned dower consummate is transferable to a stranger to the title, so as to vest in such transferee a cause of action to have the widow's interest determined and set off to the transferee.

The Court of Common Pleas held that it was transferable, and this appeal is from that judgment.

Charles Broadwell Thoms and Hortense Marie Ersea Florence Thoms were husband and wife.  During their coverture, Charles Broadwell Thoms owned the premises in which the right of dower is asserted in this case.  In 1922 he conveyed by warranty deed the premises to his agents, William V. Ebersole and Dale G. Ebersole, who in turn conveyed them to the defendant in this case.  Hortense Marie Ersea Florence Thoms did not join in the deed of her husband or in any other way release her dower in the said premises.

Louis Broadwell Thoms died in 1932.  On January 22nd, 1941, Hortense Marie Ersea Florence Thoms executed and

delivered a written instrument in terms transferring all her dower interest in the premises to the plaintiff and this was followed on August 11th, 1943 by a deed of general warranty from her, purporting to convey the same interest to the same transferee. So there is no doubt that the widow complied with all the forms of law to transfer to the plaintiff this interest in the real estate and effectively did so—if the interest itself—an unassigned dower consummate— is capable of transfer to a stranger to the title.

Dower consummate before assignment was and is a chose in action—a right to have dower assigned (14 O. Jur., 683)—and, like most choses in action, was non-transferable at common law. Id. But, in equity the opposite rule developed and, in the absence of some restraining principle of public policy, all choses in action were assignable and the assignee permitted to maintain an action in his own name. At an early date the common law courts recognized the equitable title and whenever equity recognized the assignment the common law courts permitted the assignee to sue in the name of the assignor. 4 Am. Jur., 323.

In conformity to the general common law rule of non-assignability of choses in action, the common law courts held that unassigned dower consummate was non-transferable to one having no title to the premises against which the right of dower was an incumbrance. But just as the general rule against assignments of choses in action was relaxed, so the right to transfer unassigned dower consummate was increasingly recognized. In 17 Am. Jur., 707, it is said: "As a general rule, a widow cannot convey her unassigned dower to a third party, although she may release it to the heir; but equity will, as in the case of other choses in action which are not assignable under common law, recognize her assignment, and the assignee can maintain a bill in equity to enforce the right of dower."

While there is no case in which the Ohio Supreme Court has squarely decided the issue, we think the law on this subject has gone through the same development here as elsewhere and that at this time unassigned dower consummate is as alienable as any other chose in action or possession. In 14 O. Jur., 683 and 684, it is said: "Moreover, in equity, dower consummate before assignment seems to have been always transferable in Ohio to a stranger to the title."

And disregarding the argument that before assignment dower consummate was a personal, and not property right

and that the law "had put its safeguards with jealous care around this right of dower for the protection and support of the helpless, the court held in **Boltz v Stolz, 41 Oh St, 540,** that:

"A widow's unassigned right of dower, in lands of her husband, occupied and enjoyed by herself and their children, may be subjected to proceedings in equity to the payment of a judgment against her upon a debt created by her after her husband's death."

And that the judicial decisions have correctly reflected the public policy of the state is made manifest by legislative enactments through the years removing the disabilities of coverture and, generally speaking, placing married women on the same plane of rights, responsibilities, and powers, as unmarried women. And dower except as to real estate conveyed away or mortgaged during coverture without the consort (either husband or wife) joining therein has been abolished and the widow placed in the category of an heir as to all other property of which the deceased consort was the owner at the time of his death. Sec. 10502-1 GC.

But, it is urged that there is no provision for the assignment of dower except on the petition of the widow or widower. It is true that by §12005 et seq., GC, special provision is made for the assignment of dower on the petition of the widow or widower. However, there is no statutory provision against alienation and no denial to the alienee of the right to invoke remedies for the assertion of his rights within the jurisdiction of the courts.

This action was filed in the Common Pleas Court, which is a court of general jurisdiction, administering both law and equity, through the one form of a civil action. It could mould the relief to afford a remedy for the right which it found the plaintiff to have.

Even assuming that the remedy provided by §12005 et seq., GC, is restricted to the widow or widower, we find no legal objection to the court applying it by analogy in an action by the transferee of unassigned dower consummate.

For these reasons, the judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion and judgment.